# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARAMARK US OFFSHORE SERVICES, LLC, | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | C.A. No.: N22C-07-010 FJJ |
| v. | ) ) | |
| AMITY LODGES LTD., | ) ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |

Submitted: November 7, 2022
Decided: November 21, 2022

*Order Upon Consideration of Plaintiff/Counterclaim-Defendant's*

*Motion to Dismiss*

**DENIED.**

*Richard L. Renck, Esquire* and *Tracey Timlin, Esquire*, Duane Morris, LLP, Wilmington, Delaware. Attorneys for Plaintiff/Counterclaim-Defendant.

*Bartholomew J. Dalton*, *Esquire, Laura J. Simon, Esquire*, and *Michael C. Dalton, Esquire*, Dalton & Associates, Wilmington, DE. Attorneys for Defendant/Counterclaim-Plaintiff.

**Jones, J.**

## BACKGROUND

A dispute arising under a five-year agreement (the "contract" or the "agreement") between Aramark US Offshore Services, LLC ("Aramark") and Amity Lodges, LTD ("Amity") has spawned this breach of contract action. Aramark, a hotel and catering service provider, contracted with Amity, the owner and operator of a New Mexico resort lodge, to provide the lodge with food and custodial management services. Both parties allege the other breached the agreement.

Aramark initiated this action, seeking damages for the alleged breach. In response, Amity filed a counterclaim (the "Counterclaim") against Aramark. Aramark now moves to dismiss the Counterclaim. For the reasons stated herein, the motion must be **DENIED**.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6)[1] presents the question of "whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[2] When considering a motion to dismiss, the Court must read the complaint generously, accept all well-pled allegations as true, and construe all facts in a light most favorable to the non-moving party.[3] A

---

[1] Del. Super. Ct. Civ. R. 12(b)(6) (allowing for dismissal of a complaint for "failure to state a claim upon which relief may be granted.").

[2] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990) ("The complaint sufficiently states a cause of action when a plaintiff can recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.").

[3] *In re Tri-Star Pictures, Inc. Litig.*, 634 A.2d 319, 326 (Del. 1993) (noting the reviewing court must accept the allegations of the complaint as true).

complaint is well-pled if it puts the opposing party on notice of the claim being brought against it.[4]  Dismissal is warranted only when "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[5]

Generally, the complaint defines the "universe of facts" the Court is required to consider in ruling on a Rule 12(b)(6) motion to dismiss.[6]  In the present matter, the Court will review the "universe of facts" as articulated in the Counterclaim.[7]  The Court may consider documents attached to, or incorporated by reference into, the Counterclaim without converting the motion into one for summary judgment.[8]

## ANALYSIS

Aramark argues the Counterclaim should be dismissed because it contains only conclusory allegations to suggest Aramark breached the provisions of the agreement.  The Court disagrees.

Per the contract, Aramark agreed to provide Amity with food services and staffing for the lodge.  The contract required Aramark to perform in an "efficient, expeditious, workmanlike, skillful, professional, and careful manner in accordance with the agreement and good industry practice."

---

[4] *See Precision Air v. Standard Chlorine of Del.*, 654 A.2d 403, 406 (Del. 1995).
[5] *Hendenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Aug, 24, 2004).
[6] *See Hughes*, 897 A2d at 168.
[7] The Court will review the Counterclaim in the same way it would review a complaint under 12(b)(6).  *See Trustwave Holdings, Inc. v. Beazley Ins. Co., Inc.*, 2019 WL 4785866 at *3 (Del. Super. Sep. 30, 2019).
[8] *See In re General Motors (Hughes) Shareholder Litig.*, 897 A2d 162, 168 (Del. 2006); *see also Wal-Mart Stores, Inc. v AIG Life Ins. Co.*, 860 A2d 312, 320 (Del. 2004).

The documents attached to the Counterclaim, however, reveal Amity's dissatisfaction with Aramark's performance. Chief among Amity's complaints were issues related to staffing and quality of food service. For example, in a May 4, 2022 letter to Aramark, Amity complained of: (1) staffing issues; (2) licensing and operation problems; (3) food and sanitation objections; (4) consumer complaints; and (5) reporting failures.[9] This letter, along with its attachments, persuades the Court to find there are sufficient facts in the record that go beyond "conclusory allegations."

Accordingly, the Court is satisfied Amity has well-pled a breach of contract claim sufficient to survive dismissal. In light of this finding, the Court will not address the contract interpretation question raised in briefing. The Court has no doubt that discovery will produce a more developed factual record on this issue. If necessary, the Court will address it then.

## **CONCLUSION**

For the reasons stated above, Aramark's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.

/s/ *Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:     File&ServeXpress

---

[9] As noted in the Counterclaim, this letter did not constitute the first time Amity complained of the quality of food, maintenance, and staffing services to Aramark.

4